UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DWIGHT ERWIN HERRERA,** ) | **CASE NO. 1:12 CR 589** |
| ) | **Related Case No. 1:16 CV 473** |
| **Defendant-Petitioner,** ) | |
| ) | **JUDGE DAN AARON POLSTER** |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff-Respondent.** ) | |

This case is before the Court pursuant to the following motions:

1. Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (**Doc #: 346** ("§ 2255 Motion")), and

2. Motion to Compel Production of Grand Jury Material (**Doc #: 356** ("Motion to Compel")).

For the following reasons, both motions are **DENIED**.

**I.**

In October 2014, Petitioner Dwight Herrera was convicted, following a jury trial, of conspiracy to possess and distribute at least five or more kilograms of cocaine, and travelling in interstate commerce with the intent to conduct an unlawful activity, i.e., cocaine distribution. He was subsequently sentenced to a prison term of 240 months on the conspiracy charge, and a 60-month prison term on the racketeering count, to be served concurrently. The Court also imposed a consecutive 30-month prison term for committing these crimes during supervised release from a previous Oklahoma federal conviction. The convictions and sentence were affirmed on direct appeal.

On February 26, 2016, Herrera filed a timely § 2255 Motion. (Doc #: 346.) The Government filed a response on April 14, 2016. (Doc #: 348.) On May 9, 2016, the Court issued an Opinion and Order denying the § 2255 Motion, along with a Judgment Entry. (Doc #: 352.) The next day, Herrera filed a motion for an extension of time to file a reply brief. (Doc #: 354.) On May 11, 2016, the Court vacated its Opinion and Judgment, and directed Herrera to file a reply brief no later than May 20, 2016, and mailed a copy of that order to Herrera. (Non-document entry of 5/11/2016.) May 20 came and went, and Herrera filed neither a reply brief, nor a motion for an extension of time to file a reply brief. Rather, on May 31, 2016, Herrera filed the pending Motion to Compel Production of Grand Jury Material. (Doc #: 356.) Therein, Herrera stated that he recalled that the undersigned ordered the Government to turn the grand jury transcript over to his counsel at a pretrial hearing, and now contends that the Government never turned over the transcript. The Court has reviewed the pretrial hearing transcripts and has found no transcript in which it ordered the Government to turn over the grand jury transcript. Because Herrera has failed to assert a particularized need for that transcript, the Motion to Compel (**Doc #: 356**) is **DENIED**.

That said, the Court will addresses Herrera's § 2255 argument that counsel was ineffective for failing to obtain a copy of the grand jury transcript below.

## II.

Under 28 U.S.C. § 2255,

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

> move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Herrera brings five ineffective assistance of counsel claims. A defendant seeking to establish ineffective assistance of counsel must satisfy the standards articulated in *Strickland v. Washington*, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showing, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id*., 466 U.S. at 687.

As a general matter, the Court agrees with the Government that Herrera has provided nothing in the form of meaningful analysis, authority, citation to the record or coherent discussion in support of his claims. First, Herrera contends that counsel was ineffective because he withheld discovery and would not provide Herrera with copies of the California wiretap. In addition to the fact that Herrera failed to develop this argument, the record contradicts this claim for reasons articulated in the Government's brief, Opp. Br. at 9.

Next, Herrera contends that counsel was ineffective because he failed to cross-examine the LA County detective, presumably Don Jones, at trial. The Court also agrees with the Government that counsel's decision not to cross-examine Don Jones was arguably sound trial strategy for reasons stated in the Government's brief, Opp. Br. at 10.

Herrera argues that counsel was ineffective because he failed to file a reply to the Government's brief in opposition to his motion in limine. The record shows, however, that counsel explained his reason for not filing a reply brief (i.e., he stood by the arguments he made in the motion)–rendering the filing of a reply brief unnecessary.

Herrera contends that counsel was ineffective because he failed to obtain a grand jury transcript and he failed to file a motion to dismiss the indictment. Rule 6(e)(3)(E)(ii) of the Criminal Rules provides for disclosure of grand jury materials when a defendant makes a showing that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. However, the defendant must establish a particularized need for such transcript. *See U.S. v. Ferguson*, 844 F.Supp.2d 810, 829 (E.D. Mich. 2012) (citing *Dennis v. United States*, 384 U.S. 855, 869-70 (1966).))  *See also U.S. v. Smith*, No. 02-20380 BV, 2004 WL 784521, at *2 (W.D. Tenn. Jan. 26, 2004) ("A generalized desire to inspect the grand jury transcripts in the hopes that evidence beneficial to the defendant will be discovered does not satisfy the particularized need requirement.") (inner quotation marks omitted)).  Because Herrera has failed to articulate any need, let alone a particularized need, this claim also fails.

Finally, Herrera argues that counsel was ineffective for failing to file a motion to reconsider the Court's ruling denying his motion to suppress based on new evidence. But Herrera does not describe the new evidence and how it would have provided him with standing to challenge the Court's denial of his motion to suppress. In any event, the Court initially ruled that Herrera lacked standing to challenge the search of the bag or premises because he did not admit the bag was his or that he had a sufficient connection to the premises searched. The Court held, alternatively, that, if it was wrong and Herrera could show that he had standing, the Court

-4-

would still deny the motion to suppress on substantive grounds. Thus, it would have been fruitless for counsel to ask the Court to reconsider its ruling on Herrera's motion to suppress.

Because Herrera has failed to show that counsel's performance was deficient, *Strickland*, 466 U.S. at 687, his § 2255 Motion (**Doc #: 346**) is **DENIED**.

**IT IS SO ORDERED.**

                                         /s/ Dan A. Polster    July 7, 2016
                                         **Dan Aaron Polster**
                                         **United States District Judge**