**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) CASE NO. 1:12 CR 589 |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| vs. | ) <u>OPINION AND ORDER</u> |
| **DWIGHT ERWIN HERRERA,** | ) |
| Defendant. | ) |

Before the Court is Defendant Dwight Erwin Herrera's "Motion Under 753 f and 28 U.S.C. 2250 for Certified Copy of Transcripts." **Doc #: 367**. This is not the first time Herrera is seeking the grand jury transcript. See Doc ##: 338 (post-judgment motion), 339 (motion to reconsider), 346 (first § 2255 motion to vacate), 356 (post-judgment motion to compel). He now seeks the grand jury transcript along with two pretrial transcripts in order to prepare yet another § 2255 motion to vacate. According to Herrera,

> Due to the retroactive [Fair Sentencing Act] that is part of the Frist Step Act, chnages the statutory minimum and lowered the maximum. This retroactive4 effect has caused Mr. Herrera offense level to decrease. Subsequently, the transcripts of Grand Jury are needed to frame a successful 28 U.S.C. 2255.

Doc #: 367 at 1. However, neither the Fair Sentencing Act nor the First Step Act applies to Herrera. The Fair Sentencing Act, which reduced the penalties for crack-cocaine traffickers, applied only to those offenders who committed their offenses before August 3, 2010 but were sentenced after that date. *Dorsey v. United States*, 567 U.S. 260, 260 (2012). The First Step Act allows a sentencing court to retroactively apply the reduced sentences to all crack-cocaine offenders who were sentenced before August 3, 2010. *United States v. Walker*, No. 1:94-CR-5,

2019 WL 1226856, at *1 (N.D. Ohio Mar. 15, 2019); *United States v. Davis*, No. 07-CR-245S(1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019)  Herrera committed his crack-cocaine trafficking crimes after August 3, 2010.  Consequently, neither Act applies.  As such, he can show no particularized need for the grand jury transcript or any transcripts.  *United States v. Ferguson*, 844 F.Supp.2d 810, 829 (E.D. Mich. 2012) (citing *Dennis v. United States*, 384 U.S. 855, 869-70 (1966).

For these reasons, the Motion, **Doc #: 367**, is hereby **DENIED**.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster    April 3, 2019*
**Dan Aaron Polster**
**United States District Judge**