**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 1:12 CR 589** |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | <u>**OPINION AND ORDER**</u> |
| ) | |
| **DWIGHT ERWIN HERRERA,** ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendant Dwight Erwin Herrera's *Pro Se* Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1). **Doc #: 374**. Therein, Herrera seeks appointment of counsel to assist him in filing a motion for compassionate release. The Court will treat Herrera's filing as a Motion for Appointment of Counsel and Motion for Compassionate Release.

On October 24, 2014, Dwight Herrera was convicted, following a jury trial, of conspiracy to possess and distribute at least five or more kilograms of cocaine, and traveling in interstate commerce with the intent to conduct unlawful activity, i.e., cocaine distribution. On January 21, 2015, Hererra was sentenced to a prison term of 240 months on the conspiracy charge, and a 60-month prison term on the racketeering charge, to be served concurrently. The Court also imposed a consecutive 30-month prison term for committing these crimes during supervised release from a previous Oklahoma federal conviction. The convictions and sentences were affirmed on direct appeal. Herrera, who resides at Big Spring Federal Correctional Institution in Texas, has a release date of February 4, 2032. He now seeks compassionate release based on the COVID-19 pandemic and the following medical conditions: blindness, hypertension, prostate issues and seizures.

The statute authorizing compassionate release, 18 U.S.C. § 3582(c)(1), contains an exhaustion requirement. The exhaustion requirement mandates that a criminal defendant first ask the Bureau of Prisons (BOP) to bring a motion for compassionate release on his behalf. 18 U.S.C. § 3582(c)(1). Thereafter, a defendant may file a motion for compassionate release in the district court only after:

> the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ..

18 U.S.C. § 3582(c)(1)(A). This requirement is a "mandatory claim-processing rule" which must be enforced when properly invoked. *United States v. Alam*, — F.3d —, 2020 WL 2845694, at *5 (6th Cir. Jun. 2, 2020). The rule is properly invoked when the government timely raises it, but courts may enforce the exhaustion requirement *sua sponte*. *See United States v, Gayton-Garza*, 652 F.3d 680, 681 (6th Cir. 2011); *United States v. Jones*, No. 1:16 CR 344, Doc #: 64 at 2 (N.D. Ohio Jun. 9, 2020) (Polster, J.). The pending Motion is silent as to whether Herrera has satisfied the exhaustion requirement. Accordingly, the Motion for Compassionate Release is *sua sponte* dismissed without prejudice.

Herrera may file a motion for compassionate release once he has presented his request to the warden of his facility and either (1) he has exhausted all administrative rights to appeal the failure of the BOP to bring a motion on his behalf, or (2) 30 days pass from the day the warden received the request. This ruling acknowledges that the BOP is in the best position to know its inmates' medical conditions, the condition of its prisons, and the remedial actions taken. If the BOP's response is unsatisfactory, the longest a defendant has to wait before filing his motion in the district court is 30 days after the warden receives it.

That said, the Court has issued a non-document order appointing a Federal Public Defender to assist Herrera in preparing and filing a motion for compassionate release. Non-document Order of 7/6/2020.

Accordingly, the Motion for Appointment of Counsel is moot, and the Motion for Compassionate Release is *sua sponte* dismissed without prejudice to filing post-exhaustion.

**IT IS SO ORDERED.**

    */s/ Dan A. Polster     July 8, 2020*
**Dan Aaron Polster**
**United States District Judge**