**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) CASE NO. 1:12-CR-589 |
| v. | ) JUDGE DAN A. POLSTER |
| DWIGHT HERRERA, et al., | ) OPINION AND ORDER |
| Defendants. | ) |

**MEMORANDUM**

Before the Court is Defendant Dwight Herrera's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) for Immediate Release Due to COVID-19 Circumstances, Doc #: 381. For the foregoing reasons, Herrera's motion is **DENIED**.

**I.  Background**

On January 26, 2015, Defendant Herrera was sentenced to 240 months of imprisonment for Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine and Interstate Travel in Aid of Racketeering. Doc #: 254. Herrera is currently held at FCI Big Spring and has a release date of February 4, 2032.[1] Defendant suffers from hypertension, tonic-clonic seizures, benign prostatic hyperplasia, blindness, hyperlipidemia/hypercholesterolemia, chronic low back pain, chronic abdominal pain, obesity, and prostatitis. He asks the Court to release him immediately due to the

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Oct. 16, 2020).

1

fact that these medical conditions have life threatening consequences if he were to test positive for COVID-19. Exhibit B pp. 1-3. The Government filed an opposition. Doc #: 386.

## II. Discussion[2]

Under § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community, and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

### A. Extraordinary and Compelling Reasons

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Here, the only relevant category is the fourth category, labeled "other reasons." *Hardin*, 2020 WL 2610736, at *3. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *Id.*

The Centers for Disease Control and Prevention ("CDC") have determined that certain medical conditions unquestionably present an increased risk from COVID-19.[3] The documented medical conditions that Herrera cites in support of his motion are obesity and hypertension, among others. *See* Exhibit B pp. 1-3. Obesity falls under the first category for those that are "at increased risk"

---

[2] A defendant must satisfy § 3582(c)(1)(A)(i)'s exhaustion requirement before filing a motion for compassionate release. The Government concedes that Herrera has satisfied the exhaustion requirement.

[3] *People of Any Age with Underlying Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 10/16/2020).

2

of severe illness of COVID-19. Doc #: 381 at 3; *Id.* Hypertension falls under the second category for those that "might be at an increased risk" for severe illness of COVID-19. *Id.* Therefore, the Court finds that Herrera's medical conditions satisfy the first prong of the "extraordinary and compelling reasons" test.

Herrera also satisfies the second prong of the "extraordinary and compelling reasons" test. The Government does not mention the number of COVID-19 cases at FCI Big Spring in their response. Doc #: 386. To date, 79 inmates and 6 staff have tested positive for COVID-19.[4] Although 524 inmates have recovered, the Court finds that FCI Big Spring is currently experiencing a severe COVID-19 outbreak. Therefore, because of Herrera's medical conditions coupled with FCI Big Spring's severe outbreak, Herrera satisfies the "extraordinary and compelling reasons" test.

### B. Danger to Safety of Other Persons or Community

For a court to grant compassionate release, it must also find that the "defendant [is not] a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." *Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (quoting United States Sentencing Commission, Guidelines Manual, § 1B1.13(2) (Nov. 2018)). Section 3142(g) calls for courts to consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4).

Upon weighing these factors, the Court finds that Defendant is a danger to the safety of other persons and the community. First, Defendant was charged with the possession and intent to

---

[4] COVID-19 Coronavirus, Federal Bureau of Prisoners, https://www.bop.gov/coronavirus/ (last visited October 16, 2020).

3

distribute 10 kilograms cocaine. The applicable mandatory minimum was 20 years of imprisonment. Additionally, Defendant has a prolonged history of repeatedly committing the same drug offenses. Doc #: 247. In a prior federal conviction, Defendant was the main distributor of crack and cocaine. During an investigative search, shotguns and other drugs were also located in his residence. Less than a year later after being released from custody in that case, Defendant was found in yet another drug trafficking scheme as a supplier. These repeated instances demonstrate that even while on supervised released, Defendant continues to relapse into the same crimes. The Court does not discount Herrera's remorse for his actions or his efforts to rehabilitate himself, but when considered together, the Court is persuaded that Herrera's repeated offenses make him a danger to the safety of other persons and the community.

### C. Section 3553(a) Factors

Finally, the § 3553(a) factors do not favor release. The Court must consider the seriousness of the offense to promote respect for the law and provide just punishment for that offense. The trafficking and abuse of illicit drugs pose severe threats to our citizens and communities. Countless victims are impacted by the possession and distribution of illegal substances, and they look to the law to remedy this crisis. The Court believes that reducing Herrera's sentence for repeated drug offenses would not constitute just punishment. Nor would it provide respect for the law so that other like-minded individuals are deterred from engaging in this conduct in the future.

Further, the § 3553(a) factors favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining. *Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at 10. Here, Herrera has slightly over eleven years of his sentence remaining. Thus, the § 3553(a) factors do not support granting compassionate release.

**Conclusion**

For the above reasons, Herrera's Motion, **Doc #: 381**, is **DENIED**.

**IT IS SO ORDERED.**

                                             */s/ Dan Aaron Polster October 19, 2020*
                                             **Dan Aaron Polster**
                                             **United States District Judge**